UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

WILLIAM H. EVANS, JR.,

              Plaintiff,                             Case No. 1:06-cv-342

      vs.                                     Spiegel, J.
                                               Black, M.J.

TERRY COLLINS,

              Defendant.

**REPORT AND RECOMMENDATION[1] THAT DEFENDANT'S MOTION TO DISMISS (Doc. 14) BE DENIED**

Plaintiff William Evans Jr. is an inmate at the Southern Ohio Correctional Facility ("SOCF") in Lucasville, Ohio who brings this action pursuant to 42 U.S.C. § 1983 against defendant Terry Collins, the Director of the Ohio Department of Rehabilitation and Correction ("ODRC").

This matter is before the Court on defendant's motion to dismiss (doc. 14) and plaintiff's memorandum *contra* (doc. 15).[2]

**I.**

Plaintiff's complaint alleges a violation of his First Amendment right to freedom of religion, and specifically asserts that he has sought an exemption from the institutional grooming policy on the basis that his Nazirite faith requires that he wear his hair long. However, ODRC grooming policies requires him to wear his hair above the ears and

---

[1] Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendation.

[2] Defendant's motion will be construed as filed against plaintiff's original and amended complaint. (*See* Doc. 24)

above the collar.

Defendant seeks dismissal of plaintiff's complaint on the basis that he has failed to exhaust his administrative remedies in accordance with the Prison Litigation Reform Act , 42 U.S.C. § 1997e(a). Specifically, defendant asserts that plaintiff did not fully exhaust the grievance system as provided by the Ohio Administrative Code because his grievance did not specifically name defendant Collins.

Plaintiff, however, asserts that he has fully exhausted all administrative remedies, and that he did not name defendant Collins because he was notified by the Office of the Chief Inspector that a grievance cannot be directed against the Director. For the reasons that follow, the undersigned finds that defendant's motion is not well-taken and therefore recommends that the motion be denied.

## II.

In ruling on a Fed. R. Civ. P. 12(b)(6) motion to dismiss, the factual allegations in the complaint must be taken as true and construed in a light most favorable to plaintiff. *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987). Denial of the motion is proper "unless it can be established beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Achterhof v. Selvaggio*, 886 F.2d 826, 831 (6th Cir. 1989) (citing *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)); *see also Broyde v. Gotham Tower, Inc.*, 13 F.3d 994, 996 (6th Cir. 1994).

## III.

Under 42 U.S.C. § 1997e, a prisoner confined in any jail, prison or other

correctional facility may not bring an action challenging "prison conditions" under 42 U.S.C. § 1983 or any other federal law "until such administrative remedies <u>as are</u> <u>available</u> are exhausted."  42 U.S.C. § 1997e(a) (emphasis added).  Inmates must "plead claims with specificity and show that they have been exhausted by attaching a copy of the applicable administrative dispositions to the complaint . . . ."  *Knuckles v. Toombs*, 215 F.3d 640, 642 (6th Cir.), *cert. denied*, 531 U.S. 1040 (2000).  "In the absence of particularized averments concerning exhaustion showing the nature of the administrative proceeding and its outcome, the action must be dismissed under § 1997e."  *Id.*   The case should be dismissed without prejudice where the record fails to disclose that the prisoner has complied with the exhaustion requirement.  *Brown,* 139 F.3d at 1104.

Ohio Administrative Code § 5120-9-31 sets forth a three-step grievance procedure for inmates housed in Ohio prisons for grievances against all personnel other than the Warden or Inspector of Institutional Services.  Section 1997e(a) requires prison inmates to utilize Ohio Administrative Code § 5120-9-31 and exhaust all administrative remedies before filing suit in federal or state courts.

Here, plaintiff is challenging ODRC grooming policies, and, in doing so, has brought suit against the director of the ODRC.  Defendant Collins is the only named defendant in this action.

Although plaintiff complied with the three-step grievance procedure concerning his complaints regarding ODRC grooming policies, defendant asserts that plaintiff did not fully exhaust the grievance system because his grievance failed to specifically name

defendant Collins.  However, as noted above, plaintiff was notified by the Office of the

Chief Inspector that a grievance "cannot be directed against the Director."  (*See* Case No.

1:06-cv-321, Doc. 23, Ex. A).  Accordingly, based on the information received from the

Chief Inspector, plaintiff asserts that he did not name defendant Collins in his grievance.

Upon careful review of the record, the undersigned concludes that plaintiff's

complaint and the documents that accompany it (*see* docs. 1, 12 & 24) put defendant on

fair notice of the basis of plaintiff's constitutional claims (*i.e.*, his challenge to the

grooming policy), and, therefore, are sufficient to meet his burden of proving exhaustion.[3]

Accordingly, **IT IS THEREFORE RECOMMENDED THAT** defendant's

motion to dismiss (doc. 14) be **DENIED**.

**DATE: January 23, 2007**                    s/Timothy S. Black
                                                    Timothy S. Black
                                                    United States Magistrate Judge

_____

[3] *See Jones v. Brock*, ___ S.Ct. ___, 2007 WL 135890 (U.S.) (decided January 22, 2007).

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

WILLIAM H. EVANS, JR.,

        Plaintiff,                              Case No. 1:06-cv-342

    vs.                                     Spiegel, J.
                                           Black, M.J.

TERRY COLLINS,

        Defendant.

## NOTICE

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **TEN (10) DAYS** of the filing date of this R&R.  That period may be extended further by the Court on timely motion by either side for an extension of time.  All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **TEN (10) DAYS** after being served with a copy of those objections.  Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).