UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

WILLIAM EVANS,  :
 : NO. 1:06-CV-00342
    Plaintiff,  :
 :
 v.  :
 :  **OPINION AND ORDER**
 :
TERRY COLLINS,  :
 :
    Defendant.  :

    This matter is before the Court on Plaintiff's Document titled "Rescission of Dismissal" (doc. 74); Defendant's Memorandum in Opposition with Motion to Strike (doc. 75); and Plaintiff's Memorandum in Opposition to Motion to Strike (doc. 76).  For the reasons stated herein, and because this case was previously terminated from the Court's docket, the Court GRANTS Defendant's Motion to Strike Plaintiff's Rescission of Dismissal (doc. 74), and REAFFIRMS that this matter is CLOSED.

    Plaintiff, an inmate placed at the Southern Ohio Correctional Facility in Lucasville, Ohio, brought this action pursuant to 42 U.S.C. 1983, seeking a religious exemption from the ODRC grooming code (doc. 1).  On July 17, 2007, Plaintiff filed a Motion to Voluntarily Dismiss his Complaint (doc. 54).  The Defendant supported Plaintiff's Motion (doc. 55), and on July 19, 2007, the Magistrate Judge issued a Report and Recommendation, recommending that Plaintiff's motion be granted and this case closed (doc. 56).  On the same day, Plaintiff filed a document

titled "Recision of Motion for Dismissal" (doc. 57), which Defendant moved to strike (doc. 58).  Then, on August 3, 2007, Plaintiff filed a document entitled "Dismissal of the Case" in which he stated that he dismissed the case in its entirety (doc. 63).  Accordingly, the case was terminated from the Court's docket.

After filing a series of notices with the Court (docs. 66-72), Plaintiff filed the instant document, stating that he rescinds his dismissal from August 3, 2007, and asks the Court to rule on the Report and Recommendation (doc. 74).  Defendant opposes Plaintiff's filing, stating "Plaintiff had previously filed a voluntary dismissal of the case, which, under Fed. R. Civ. P. 41(a)(1)(i), operates to automatically terminate the case, and so his 'Rescind Dismissal' filing is without effect" (doc. 75).  Defendant moves the Court to strike Plaintiff's filing as moot, on the basis that this case was previously closed (Id.).  Plaintiff counters that the dismissal filed (doc. 63), was not voluntary, and therefore the Court should proceed with the case (doc. 76).

Having reviewed this matter, the Court finds Defendant's position well-taken.  Plaintiff and Defendant stipulated the dismissal of this case within the meaning of Rule 41(a)(1)(ii), when Plaintiff filed a motion for voluntary dismissal on July 18, 2007 (doc. 54), and Defendant filed a memorandum in support of dismissal on the same day (doc. 55).  As the Sixth Circuit held in Aamot v. Kassel, 1 F.3d 441, 443-445 (6th Cir. 1993), "Rule 41(a)(1)

-2-

explicitly leaves the option to dismiss in the plaintiff's hands; once plaintiff gives his notice, the lawsuit is no more." Therefore, all filings with this Court after July 18, 2007, have no effect, as the case was terminated by operation of Rule 41(a)(1)(ii) on that date. Further, the Court notes that Plaintiff's pattern of voluntary dismissals and requests for rescission is not limited to the instant lawsuit, but has been repeated in the numerous cases filed in this district. In fact, both the Hon. Sandra Beckwith and the Hon. Susan Dlott have denied Plaintiff's attempts to rescind voluntary dismissals in <u>Evans v. Voorhies</u>, Case No. 1:06-CV-321 (S.D. Ohio, May 1, 2007), and <u>Jones v. Collins</u>, Case No. 1:06-CV-686 (S.D. Ohio), respectively.

Therefore, for the foregoing reasons, the Court GRANTS Defendant's Motion to Strike Plaintiff's Rescission of Dismissal (doc. 75), and REAFFIRMS that this matter is CLOSED.

SO ORDERED.

Dated: January 15, 2008          /s/ S. Arthur Spiegel
                                 S. Arthur Spiegel
                                 United States Senior District Judge