```
                    UNITED STATES DISTRICT COURT
                     SOUTHERN DISTRICT OF OHIO
                         WESTERN DIVISION
```

WILLIAM EVANS, :
: NO. 1:06-CV-00342
    Plaintiff, :
:
v. :
: **OPINION AND ORDER**
:
TERRY COLLINS, :
:
    Defendant. :

This matter is before the Court on Plaintiff's Motion to Vacate Dismissal Under Federal Rule of Civil Procedure 60(b) (doc. 119), Defendant's Motion to Strike, or Alternatively, in Opposition (doc. 120), and Plaintiff's Memorandum in Support (doc. 121). For the reasons stated herein, the Court DENIES Plaintiff's Motion, and REAFFIRMS that this matter is CLOSED.

Plaintiff, an inmate placed at the Southern Ohio Correctional Facility in Lucasville, Ohio, brought an action pursuant to 42 U.S.C. 1983, seeking a religious exemption from the ODRC grooming code (doc. 1). On July 17, 2007, Plaintiff filed a Motion to Voluntarily Dismiss his Complaint (doc. 54). The Defendant supported Plaintiff's Motion (doc. 55), and on July 19, 2007, the Magistrate Judge issued a Report and Recommendation, recommending that Plaintiff's motion be granted and this case closed (doc. 56). On the same day, Plaintiff filed a document titled "Recision of Motion for Dismissal" (doc. 57), which Defendant moved to strike (doc. 58). Then, on August 3, 2007,

Plaintiff filed a document entitled "Dismissal of the Case" in which he stated that he dismissed the case in its entirety (doc. 63). Accordingly, the case was terminated from the Court's docket.

After filing a series of notices with the Court (docs. 66-72), Plaintiff filed another document titled "Recision of Dismissal", stating that he rescinded his dismissal from August 3, 2007, and asking the Court to rule on the Report and Recommendation (doc. 74). Defendant opposed Plaintiff's filing, stating "Plaintiff had previously filed a voluntary dismissal of the case, which, under Fed. R. Civ. P. 41(a)(1)(i), operates to automatically terminate the case, and so his 'Rescind Dismissal' filing is without effect" (doc. 75). Defendant moved the Court to strike Plaintiff's filing as moot, on the basis that this case was previously closed (Id.). Plaintiff countered that the dismissal filed (doc. 63), was not voluntary, and asked the Court to proceed with the case (doc. 76).

The Court denied Plaintiff's motion, noting that Plaintiff and Defendant stipulated the dismissal of the case within the meaning of Rule 41(a)(1)(ii), when Plaintiff filed a motion for voluntary dismissal on July 18, 2007 (doc. 54), and Defendant filed a memorandum in support of dismissal on the same day (doc. 55). In support, the Court cited the Sixth Circuit's ruling in Aamot v. Kassel, 1 F.3d 441, 443-445 (6th Cir. 1993), which stated "Rule 41(a)(1) explicitly leaves the option to dismiss in the plaintiff's

hands; once plaintiff gives his notice, the lawsuit is no more." Further, the Court noted that:

> Plaintiff's pattern of voluntary dismissals and requests for rescission is not limited to the instant lawsuit, but has been repeated in the numerous cases filed in this district. In fact, both the Hon. Sandra Beckwith and the Hon. Susan Dlott have denied Plaintiff's attempts to rescind voluntary dismissals in <u>Evans v. Voorhies</u>, Case No. 1:06-CV-321 (S.D. Ohio, May 1, 2007), and <u>Jones v. Collins</u>, Case No. 1:06-CV-686 (S.D. Ohio), respectively (doc. 80).

Plaintiff appealed the Court's ruling to the Sixth Circuit, but then moved to dismiss his appeal (doc. 120). The Sixth Circuit granted dismissal (<u>Id</u>.).

Plaintiff now moves the Court, pursuant to Fed. R. Civ. P. 60(b), to vacate the Court's Order of dismissal (doc. 119). Rule 60(b) allows a court to revisit final judgments, including voluntary dismissals pursuant to Fed. R. Civ. P. 41(a)(1), in the interests of justice. <u>Warfield v. AlliedSignal TBS Holdings, Inc</u>., 267 F.3d. 538, 542 (6th Cir. 2001). A court, for example, may vacate a judgment that is "void," Fed.R.Civ.P. 60(b)(4), or "for any other reason justifying relief from the operation of the judgment." Fed.R.Civ.P. 60(b)(6).

Plaintiff contends he filed his motion for voluntary dismissal under "extreme duress" and that it was therefore "involuntary" (<u>Id</u>.). Plaintiff alleges that he "almost died at the hands of Defendant's agents, and all medications being stopped

cold-turkey, makes it clear that any dismissals filed by me, or any disrespectful filings, was not executed by me under a 'free, calculated, and deliberate choice'" (Id.).

In response, Defendant argues that Plaintiff provides no admissible evidence in support of his motion (doc. 120). Further, Defendant contends that Plaintiff raised the same arguments previously, and that the Court rejected them (Id.).[1]

The Sixth Circuit in Warfield, considering a similar Rule 60(b) motion to vacate a voluntary dismissal, stated that in order to find that the court or defendants caused the plaintiff to dismiss her claims involuntarily "we would have to find that they created coercive conditions that negated [the plaintiff's] ability to make a free choice in the matter." 267 F.3d. at 542 (citing Black's Law Dictionary 833 (7th Ed.1999) (defining "involuntary" as "not resulting from a free and unrestrained choice; not subject to control by the will.")). Having reviewed Plaintiff's motion, the Court finds that Plaintiff offers no evidence beyond mere assertion that his dismissal was the result of coercive conditions. Further, as noted in the Court's previous Order, "Plaintiff's pattern of voluntary dismissals and requests for rescission is not limited to the instant lawsuit, but has been repeated in the numerous cases

---

[1] Defendant also moves the Court to strike Plaintiff's motion to vacate, alleging Plaintiff failed to serve Defendant's counsel with a copy of the motion. However, because Plaintiff was pro se in this lawsuit, in the interests of justice the Court will consider the merits of Plaintiff's motion.

filed in this district" (doc. 80).

Therefore, for the foregoing reasons, the Court DENIES Plaintiff's Motion to Vacate Dismissal Under Federal Rule of Civil Procedure 60(b) (doc. 119), and REAFFIRMS that this matter is CLOSED.

SO ORDERED.

Dated: June 2, 2009 /s/ S. Arthur Spiegel
S. Arthur Spiegel
United States Senior District Judge