UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

WILLIAM H. EVANS, JR.,
    Plaintiff

vs

WARDEN TERRY COLLINS,
    Defendant

Case No. 1:06-cv-342
Spiegel, J.
Litkovitz, M.J.

**REPORT AND RECOMMENDATION**

This matter is before the Court on its own motion.

On July 17, 2007, plaintiff filed a motion to voluntarily dismiss his complaint. (Doc. 54). The defendant supported plaintiff's motion (Doc. 55), and on July 19, 2007, the Magistrate Judge issued a Report and Recommendation, recommending that plaintiff's motion be granted and this case be closed. (Doc. 56). On the same day, plaintiff filed a document entitled "Recision of Motion for Dismissal" (Doc. 57), which defendant moved to strike. (Doc. 58). Then, on August 3, 2007, plaintiff filed a document entitled "Dismissal of the Case" in which he stated that he dismissed the case in its entirety. (Doc. 63). Accordingly, the case was terminated from the Court's docket.

Thereafter, plaintiff filed a document titled "Rescission of Dismissal" (Doc. 74), which defendant opposed and moved to strike. (Doc. 75). On January 15, 2008, the Court granted defendant's motion to strike plaintiff's rescission of dismissal and reaffirmed that this matter is closed on the docket of the Court. (Doc. 80).

On January 24, 2008, plaintiff filed a notice of appeal. (Doc. 82). On September 25, 2008, the Sixth Circuit Court of Appeals affirmed the judgment of the district court. (Doc. 117).

Plaintiff then filed a motion to vacate dismissal in the district court (Doc. 119), which this

Court denied on June 2, 2009. (Doc. 124). Again, the Court reaffirmed that this matter is closed. (Doc. 124).

Subsequent to the Court's Order reaffirming for the second time that this matter is closed, plaintiff filed numerous "notices" to the Court and the parties. *See* Docs. 126, 127, 128, 129, 130, 131, 132, 133, 134, 135, 136, 137, 138, 139, 140. The Court is unable to discern any legitimate purpose for the filing of these documents. The Court does not have jurisdiction to entertain any of the various post-judgment documents plaintiff continues to file in this case. By continuing to file such documents, plaintiff needlessly expends the Court's limited resources and deprives other litigants with meritorious claims of speedy resolution of their cases.

Given plaintiff's penchant for filing repetitive, meritless post-judgment documents in this case and in an effort to bring this matter to a close, it is hereby **RECOMMENDED** that the Court invoke its authority under 28 U.S.C. § 1651(a) and direct the Clerk of Court: (1) to refuse for filing any further documents by plaintiff in this action except for a Notice of Appeal from any Order adopting the above recommendation, and (2) to return without filing any such notices, motions, or documents presented by plaintiff. *See Filipas v. Lemons*, 835 F.2d 1145 (6th Cir. 1987); *Polyak v. Boston*, No. 92-6527, 1993 WL 312000, at **1 (6th Cir. 1993) (unpublished), *cert. denied*, 511 U.S. 1053 (1994); *Thomas v. Hageman*, Case No. 4:03-cv-1049 (N.D. Ohio Dec. 31, 2003)(Doc. 19). *See also Castro v. United States*, 775 F.2d 399, 408 (1st Cir. 1984); *In re Martin-Trigona*, 737 F.2d 1254, 1261 (2d Cir. 1984); *In re Green*, 598 F.2d 1126, 1127 (8th Cir. 1979).

Date: 1/19/2011

Karen L. Litkovitz, Magistrate Judge
United States District Court

2

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

WILLIAM H. EVANS, JR.,
    Plaintiff

vs

WARDEN TERRY COLLINS,
    Defendant.

Case No. 1:06-cv-342
Spiegel, J.
Litkovitz, M.J.

### NOTICE

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

| SENDER: COMPLETE THIS SECTION | COMPLETE THIS SECTION ON DELIVERY |
|---|---|
| ■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.<br>■ Print your name and address on the reverse so that we can return the card to you.<br>■ Attach this card to the back of the mailpiece, or on the front if space permits. | A. Signature<br>X ☒ Agent ☐ Addressee<br>B. Received by (Printed Name)   C. Date of Delivery |
| 1. Article Addressed to:<br><br>William H Evans, Jr. 489686<br>SOCF<br>P.O. Box 45699<br>Lucasville, OH 45699 | D. Is delivery address different from item 1? ☐ Yes ☐ No<br>If YES, enter delivery address below:<br><br>3. Service Type<br>☒ Certified Mail ☐ Express Mail<br>☐ Registered ☐ Return Receipt for Merchandise<br>☐ Insured Mail ☐ C.O.D.<br>4. Restricted Delivery? (Extra Fee) ☐ Yes |
| 2. Article Number (Transfer from service label) | 7002 3150 0000 8389 0897 |
| PS Form 3811, August 2001 | Domestic Return Receipt    102595-02-M-1540 |