```
                    UNITED STATES DISTRICT COURT
                     SOUTHERN DISTRICT OF OHIO
                          WESTERN DIVISION
```

WILLIAM H. EVANS, JR.,                 :
                                       :   NO. 1:06-CV-00342
      Plaintiff,                       :
                                       :
                                       :   **OPINION AND ORDER**
  v.                                   :
                                       :
                                       :
TERRY COLLINS,                         :
                                       :
      Defendant.                       :

       This matter is before the Court on the Magistrate Judge's Report and Recommendation, in which the Magistrate Judge recommends that the Court direct the Clerk of Court to refuse for filing any additional documents from Plaintiff other than a notice of appeal from this Order and to return any such documents to Plaintiff (doc. 142). Plaintiff objects to the report (doc. 143). For the reasons indicated herein, the Court ADOPTS and AFFIRMS the Magistrate Judge's Report and Recommendation.

       This matter was dismissed from the Court's docket on August 3, 2007, when Plaintiff filed a document entitled "Dismissal of the Case," in which he stated that he dismissed the case in its entirety (doc. 63). Plaintiff nonetheless continued to file a series of notices, including a notice entitled "Rescission of Dismissal," arguing that his original dismissal was not voluntary (doc. 76). The Court found that Plaintiff's attempt at rescission was ineffective, that it was a pattern he engaged in with other lawsuits before other judges in the Southern District of Ohio, and

the Court affirmed that the matter was closed (doc. 80). Plaintiff appealed the Court's denial of his rescission attempt, and the Sixth Circuit affirmed the Court's decision, noting that Plaintiff "was engaging in dilatory and abusive behavior" (doc. 117). Plaintiff nonetheless filed a motion to vacate his dismissal, which the Court denied, reaffirming that this matter is closed (doc. 124). Undeterred, Plaintiff proceeded to file a host of "notices" to the Court and to the parties, in which he claims, inter alia, that he has proved that certain Ohio judges are interfering with his civil rights and that he is not guilty of any crime and has "met the burden for the defenses of 'voluntary manslaughter'...and also of 'extreme emotional disturbance'" (doc. 129).

Plaintiff asserts in his objections to the Magistrate Judge's Report and Recommendation that the Court does have jurisdiction to hear his post-judgment motions and claims that most of his "pleadings are of events related to the rise of the original pleadings and stem from retaliations therefrom" (doc. 143). In addition, he claims to have reported "many crimes by officials" and that the Court is duty-bound to report those crimes (Id.). However, Plaintiff's "notices" are not pleadings, or supplemental pleadings, or motions, or anything other than an attempt to either use the public system to communicate with his family, to tie up the resources of the state and of this Court, or to relitigate his state murder charge. Indeed, Plaintiff has expressly admitted that

he is engaged in vexatious litigation: He has offered to dismiss all of his pending suits in exchange for the "meager items" he's requested, which items include an "HD ready color TV; fan; CD player; AM/FM" (doc. 103). If, however he has to "keep having to suffer," he'll "file more suits, take everything to trial at all costs, and start appealing every single ruling against" him (Id.). Plaintiff's notices are not post-judgment motions, and the Court finds no legitimate legal purpose for them.

To the extent Plaintiff believes he has suffered "crimes by officials," he should report those crimes to the proper authorities. The Court is not an investigative agency or a law enforcement agency, and the ethical rules to which Plaintiff cites do not mandate that the Court function as such.

Plaintiff has, for years, filed meritless, repetitive "notices" in this case and others in the Southern District of Ohio. He expressly engages in this behavior in order to try to get, for example, a high definition television. Plaintiff's behavior wastes the Court's limited resources and results in delays caused to the speedy resolution of others' meritorious claims. The Court finds the Magistrate Judge's Report and Recommendation to be correct and Plaintiff's objections to be meritless. Therefore, the Court affirms and adopts the Report in all respects (doc. 142) and, pursuant to the Court's authority under 28 U.S.C. § 1651(a), the Court hereby DIRECTS the Clerk of Court (1) to refuse for filing

any further documents by Plaintiff except for a notice of appeal from this Order and (2) to return to Plaintiff, without filing, any such documents presented.  Unless directed to the contrary by the Court of Appeals, this Court will entertain no further filings by Plaintiff in this matter.


      SO ORDERED.

Dated: February 22, 2011      /s/ S. Arthur Spiegel
                                        S. Arthur Spiegel
                                        United States Senior District Judge